## GREEN v. CITY OF MIAMI.

Industrial Commission.

October 25, 1957.

Cosgrove & Rose, Miami, for claimant.

Clifford B. Selwood, Jr., Ass't. City Attorney, for the employer.

JAMES T. VOCELLE, Chairman and WALTER L. LIGHTSEY, Commissioner.

BY THE COMMISSION.

This cause came on to be heard on the application of the employer, a self-insurer, for review of a deputy commissioner's order dated April 12, 1957 awarding the claimant compensation for temporary total disability as the result of an acceleration of a pre-existing cancerous condition.

The claimant sustained an accident arising out of and in the course of his employment when while riding in the rear of the employer's truck it was struck by another truck. He was thrown against the side of the truck in which he was riding and the employer sent him to one Dr. Bolton on June 18, 1956, who diagnosed his condition as an acute lumbar muscular strain. The doctor also noted a large cystic mass in the upper left quadrant of his abdomen. He was released for work as of June 27, 1956, and on the same day was admitted to Jackson Memorial Hospital in Miami where he underwent surgical procedure for the removal of the mass noted by Dr. Bolton.

A claim was filed for benefits as a result of the operation on the cystic mass and claimant's disability, which claim was controverted by the employer on the ground that there was no causal connection between the accident and claimant's subsequent disability. The deputy found that claimant had suffered a trauma to the abdomen as a result of an accident arising out of and in the course of his employment, which caused the acceleration or aggravation of a pre-existing cancer. The deputy also found that claimant had not reached maximum medical improvement at the date of the last hearing, thus he was still temporarily totally disabled, and accordingly, the deputy awarded him compensation for said disability, together with other benefits under the Act.

The employer has applied for a review, urging some twenty grounds of error, but we are of the opinion that the sole issue involved is whether there is competent substantial evidence to support the finding by the deputy that there was a causal connection between the accident and acceleration or aggravation of the cancerous condition. The employer argues vigorously that the employee would have been required in any event to undergo surgery for the removal of the cancer. They point out that Dr. Bolton testified that the tumor would have had to be removed whether or not there had been a trauma and, accordingly, the employer should not be required to pay for the operation and claimant's disability. It is conceded that claimant's disability was directly related to the operation, but it is the employer's argument that the operation was necessary regardless of the trauma. We are cognizant that situations of this kind pose a problem which is difficult to solve; however, this is clear, there is testimony in the record to the effect that the cancer was aggravated as a result of the trauma; and that prior to the trauma the cancer was in a quiescent condition. It is, of course, within the realm of speculation whether or not the cancer would have grown, thus requiring surgical procedure within a short period of time, or whether it would have remained quiescent for a long period of time. At any rate, there is evidence which states the trauma aggravated the cancer and required immediate surgery. This being true, the claimant is entitled to compensation for the aggravation under section 440.02(19), Florida Statutes.

Having considered the cause upon the record, briefs filed, and oral argument of counsel for the parties, and it appearing that the findings of fact of the deputy commissioner are supported by competent substantial evidence, which accords with logic and reason, and that the deputy's order accords with the essential requirements of law within the meaning of U. S. Casualty Co. v.

Maryland Casualty Co., Fla. 1951, 55 So. 2d 741, the order of April 12, 1957 is affirmed. It is further ordered that the employer pay claimant's attorneys, Cosgrove & Rose, the sum of $325 as a reasonable fee for their services on behalf of claimant on this review before the full commission.